HEMAN W. CHAPLIN *vs.* CHARLES T. HARBECK.

Suffolk.    March 10, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*When Cause of Action accrued — Account dated after Date of Writ.*

A case was sent to an auditor, who found for the plaintiff, and was tried by a jury on the auditor's report with the same result. The declaration was on an account annexed for services, and the account, which gave a general description of the services without any dates, was dated three days after the date of the writ. The defendant did not set up in his answer that the services were performed after the date of the writ, and, apparently, no such question was raised before the auditor or at the trial. *Held,* that the jury might well have found that the auditor had found that the services had been performed before suit, and that the date of the account was a clerical mistake. *Held, also,* that the court rightly refused to rule, as matter of law, that it appeared from the pleadings and evidence that the cause of action did not accrue until after the date of the writ.

FIELD, C. J.    The case was sent to an auditor, who found for the plaintiff, and was tried by a jury in which the auditor's report was read as evidence, and was the only evidence, and a verdict was returned for the plaintiff under instructions not excepted to.    The writ is dated May 16, 1890, and the declaration is on an account annexed, and the account annexed is in the form of a debit of the defendant to the plaintiff for " services in relation to making title to flats on Albany Street, viz. : " and then follows a general description of the services, which consist of an examination of the title, conferences and advice, numerous interviews and correspondence, " entry on the land for foreclosure, with witnesses, and making and filing certificate of entry," etc., without any specification of the date of any particular service.    The account is dated " Boston, May 19, 1890," at the head of it.    We think that on the face of the account it does not purport to declare that all the services were performed on that date, or on one day.    The defendant has not set up in his answer that the services were performed after the date of the writ.    Apparently, no such question of fact was raised before the auditor or at the trial.    The jury might well have found that the auditor had found that the services had been performed before the suit was brought, and that the date of the account

annexed was a clerical mistake. The court rightly refused to rule, as matter of law, that it appeared from the pleadings and evidence that the cause of action did not accrue until after the date of the plaintiff's writ.    *Exceptions overruled.*

*J. W. Pickering,* for the defendant.

*W. B. French,* for the plaintiff, was not called upon.